IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darryl T. Brown, Petitioner, v. Linda Thomas, *Warden*, Respondent. | ) ) ) ) ) ) ) ) ) ) | C/A No. 0:15-3079-HMH-PJG **REPORT AND RECOMMENDATION** |

The petitioner, Darryl T. Brown, a self-represented prisoner confined at Federal Correctional Institution ("FCI") Edgefield, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner challenges a career offender sentence enhancement imposed under § 4B1.1 of the United States Sentencing Guidelines and alleges that prior convictions used to enhance his sentence no longer qualify as predicate offenses in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) Having reviewed the Petition in accordance with applicable law, the court concludes that it lacks jurisdiction to consider Petitioner's claims under § 2241. The court further concludes that the Petition should be re-characterized in the interest of justice as a motion brought pursuant to 28 U.S.C. § 2255 and transferred to the sentencing court, the United States District Court for the Eastern District of Tennessee.

## I. Factual and Procedural Background

Petitioner alleges that, subsequent to a guilty plea, he was sentenced in the United States District Court for the Eastern District of Tennessee on May 12, 2014 to 188 months' imprisonment and four years of supervised release for violation of 21 U.S.C. §§ 841(a)(1), 846. (ECF No. 1 at 1-2;



PJG

ECF No. 1-1 at 2.) Petitioner indicates that he did not file a direct appeal, or a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 1 at 2.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).





construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Analysis**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).[2]

[2] The court notes that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted).





The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act ("ACCA") sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). As the United States Supreme Court has noted, actual innocence "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998)).

Further, "[b]efore a second or successive application [under § 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the



PJG

appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Additionally, the AEDPA contains a one-year statute of limitations.[3]

In this case, Petitioner claims that "the government used two prior drug convictions to invoke the 4B1.1 Career Offender enhancement." (ECF No. 1 at 2.) Petitioner asserts that these prior convictions no longer qualify as predicate offenses in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (holding that a district court must look to whether a particular defendant could receive more than one year in prison based upon his offense class and prior record level to determine whether a North Carolina conviction may serve as a predicate offense for purposes of sentence enhancement), because Petitioner was sentenced to less than one year on each offense. (ECF No. 1 at 4-5.) Thus, Petitioner claims that he is actually innocent of being a career offender. (Id. at 4.) Petitioner further asserts that his federal sentence enhancement is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates due process). (ECF No. 1-1 at 1-4.)

[3] Section 2255 contains a one-year limitations period, which runs "from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The court observes that the opinion in Johnson v. United States, 135 S. Ct. 2551 (2015), upon which Petitioner partially relies, was issued on June 26, 2015.





However, Johnson and Simmons did not decriminalize the conduct for which Petitioner was convicted. See Swanson-El v. Zych, C/A No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ("Because the Johnson decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241."); see also Smith v. United States, C/A Nos. 3:12-cv-10-GCM, 3:09-16-GCM-1, 2014 WL 6808627, at *4 (W.D.N.C. Dec. 2, 2014) (denying relief under § 2241 and noting that the "change in law as set forth in Simmons . . . did not serve to render [the petitioner's] conviction noncriminal"). Thus, under Fourth Circuit precedent Petitioner is unable to satisfy § 2255's savings clause to seek relief under § 2241 based on the holdings in Johnson and Simmons.[4] See In re Jones, 226 F.3d at 333-34. Accordingly, this court lacks jurisdiction to consider the § 2241 Petition in this case.

While the instant § 2241 Petition is subject to summary dismissal, because such dismissal would potentially implicate a petitioner's statute of limitations for filing a motion under § 2255 in the sentencing court, the interest of justice is served by re-characterizing and transferring the case to the appropriate court. See Shaw v. United States, 417 F. App'x 311 (4th Cir. 2011); see also 28 U.S.C. § 1631. In this case, because Petitioner filed the instant § 2241 Petition in close proximity to the one-year limitations period for filing a motion under § 2255, the court finds such re-

[4] Petitioner provides no indication that his sentence was enhanced pursuant to the residual clause of the ACCA, which Johnson addressed. Moreover, Johnson has not been determined by the Supreme Court to be retroactive to cases on collateral review and circuit courts are split on whether the Johnson rule may be retroactively applied. Compare Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015) (yes); Pakala v. United States, 804 F.3d 139 (1st Cir. 2015) (yes), with In re Gieswein, 802 F.3d 1143 (10th Cir. 2015) (no); In re Rivero, 797 F.3d 986 (11th Cir. 2015) (no); In re Williams, No. 15-30731, 2015 WL 7074261 (5th Cir. Nov. 12, 2015) (no). Accordingly, addressing the merits of a Johnson claim under § 2241 would be premature in any event.





characterization and transfer appropriate.[5] See 28 U.S.C. § 2255(f). The court notes that Petitioner appears to object to the re-characterization of this Petition. (ECF No. 1 at 2-3.) However, such objection "cannot change the Court's duty to consider [the] petition under the appropriate provision of the law as designated by Congress." Dinkins v. Thomas, C/A No. 8:15-490-RMG, 2015 WL 1877434, at *1 (D.S.C. Apr. 23, 2015).

Petitioner is hereby advised that, if the assigned district judge adopts this recommendation and re-characterizes this § 2241 Petition as a § 2255 action, Petitioner will be subject to the restrictions on successive or second § 2255 motions. See 28 U.S.C. §2255; see also 28 U.S.C. § 2244. If Petitioner does not wish to proceed under § 2255, he may withdraw the instant Petition by informing the court in writing of his intent to voluntarily dismiss this action. See Fed. R. Civ. P. 41(a)(1) (noting that, prior to the entry of an answer or motion for summary judgment by the opposing party, an action may be voluntarily dismissed by filing a notice of dismissal). However, if Petitioner wishes to proceed under § 2255, he may seek leave to amend the instant Petition so that it contains all of the § 2255 claims he wants to assert. See United States v. Castro, 540 U.S. 375, 383 (2003) (listing the notice requirements that must be provided to a petitioner prior to re-

---

[5] Petitioner indicates that he was sentenced on May 12, 2014 and did not file a direct appeal. (ECF No. 1 at 2.) The docket in Petitioner's criminal case reflects the entry of a judgment on May 16, 2014 for the conviction challenged in this case. Thus, Petitioner's conviction appears to have become final in May 2014. See United States v. Hadley, et al., C/A No. 4:13-cr-00011-HSM-SKL-5 (E.D. Tenn. May 16, 2014) (judgment entered as ECF No. 475); see also United States v. Osborne, 452 F. App'x 294 (4th Cir. 2011) (citing Rule 4(b) of the Federal Rules of Appellate Procedure and noting that, where a petitioner does not file an appeal of his conviction or sentence, judgment becomes final fourteen days after it is entered on the criminal docket). While the sentencing court may ultimately determine that a motion under § 2255 is time barred, the statute of limitations is a waivable defense. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013) (allowing Petitioner to bring a § 2255 motion raising claims under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), four years after his conviction where the government waived the statute of limitations).





characterization). The court expresses no opinion as to the timeliness and/or merits of any claims Petitioner may allege under § 2255.

### III. Conclusion

Accordingly, it is recommended that, after Petitioner has had the opportunity to respond, the instant § 2241 Petition be re-characterized as a motion brought pursuant to 28 U.S.C. § 2255 and transferred to the United States District Court for the Eastern District of Tennessee.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 4, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).